IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANKLINE SUH AKOSO,          )
                                     )
          Petitioner,        )      No. 3:26-cv-01019
                                     )
          v.               )      Chief Judge Cathy Bissoon
                                     )
TODD BLANCHE, *et al.*,          )
                                   )
          Respondents.    )

## MEMORANDUM ORDER

Pending before the Court is Petitioner Frankline Suh Akoso's Petition for Writ of Habeas Corpus (Doc. 1) (the "Petition" or "Pet."). Petitioner, a national and citizen of Cameroon, currently is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement, at the Moshannon Valley Processing Center in Phillipsburg, Pennsylvania. Pet. ¶¶ 41, 46. He entered the United States without inspection in 2023, and subsequently sought asylum in the United States. Id. ¶¶ 41, 42. He was placed into immigration detention on May 13, 2026. Id. ¶ 45. There is no indication that Petitioner has any criminal convictions. Id. ¶ 48.

Count One of the Petition asserts that Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, that his mandatory detention violates the Immigration and Nationality Act. Respondents oppose relief on this count by relying upon decisions by the Fifth and Eighth Circuits to argue that Petitioner's mandatory detention is authorized under § 1225(b)(2)(A). See Resp. (Doc. 7) at 5, 8-9. The Court has considered and rejected this interpretation of § 1225(b)(2)(A), instead joining the Second, Sixth and Eleventh Circuits in holding that this mandatory detention provision only applies to noncitizens apprehended upon entry into the country or shortly

thereafter.  See, e.g., Tejeda Perez v. Oddo, No. 3:26-cv-00754, Order (Doc. 8), at 5, May 28, 2026; see also Cunha v. Freden, 175 F. 4th 61, 69, 74-75 (2d Cir. 2026); Lopez-Campos v. Raycraft, Nos. 25-1965/1969/1978/1902, 2026 WL 1283891, at *2, *4 (6th Cir. May 11, 2026) (slip copy); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395, at *13 (11th Cir. May 6, 2026) (slip copy).  Petitioner, who was apprehended more than three years after entering the county, is subject to the discretionary detention provisions of § 1226(a) and entitled to a bond hearing.

**AND NOW**, this 15th day of June, 2026, **IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent that it requests a bond hearing in accordance with 8 U.S.C. § 1226(a) and all related provisions of law.  Respondents are **ORDERED** to provide Petitioner with such a hearing, or release him, on or before June 22, 2026.  On or before June 26, 2026, Respondents shall provide notice to the Court confirming that Petitioner received a compliant bond hearing and apprising the Court of the bond hearing's outcome.  The petition is **DENIED** to the extent it requests any additional relief.  **IT IS FURTHER ORDERED** that any motion for fees or costs shall be submitted on or before June 29, 2026, with responses, if any, due 14 days following that motion.

June 15, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record